COURT OF APPEALS
DECISION
DATED AND FILED

August 6, 2020

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2019AP2174-CR**

STATE OF WISCONSIN

Cir. Ct. No. **2017CF36**

IN COURT OF APPEALS
DISTRICT IV

---

STATE OF WISCONSIN,

   PLAINTIFF-RESPONDENT,

V.

CHRISTOPHER J. VAALER,

   DEFENDANT-APPELLANT.

---

APPEAL from a judgment of the circuit court for La Crosse County: RAMONA A. GONZALEZ, Judge. *Affirmed and cause remanded for further proceedings.*

¶1 FITZPATRICK, P.J.[1] Christopher Vaaler appeals a La Crosse County Circuit Court judgment convicting him of operating a motor vehicle while

---

[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2)(c) (2017-18). All references to the Wisconsin Statutes are to the 2017-18 version unless otherwise noted.

under the influence of an intoxicant (OWI), third offense, and misdemeanor bail jumping. *See* WIS. STAT. §§ 346.63(1)(a) and 946.49(1)(a).[2] Vaaler contends that evidence obtained during, and subsequent to, field sobriety tests should have been suppressed by the circuit court because the arresting officer lacked reasonable suspicion to extend the traffic stop to conduct the field sobriety tests. I reject Vaaler's arguments and affirm.

## BACKGROUND

¶2 The following material facts are not in dispute.

¶3 At approximately 2:40 a.m. on January 7, 2017, La Crosse County Sheriff's Deputy Joseph Anderson observed a vehicle traveling on County Road HD without headlights on, but with the vehicle's fog lamps on. Anderson stopped the vehicle and, upon approach, found two occupants inside: Vaaler, who was driving, and a passenger.

¶4 Anderson informed Vaaler of the reason for the stop, and Vaaler then turned on his headlights. Vaaler told Anderson that he had been driving for approximately five minutes through a largely rural area before Anderson stopped the vehicle.

¶5 Anderson smelled an odor of intoxicants coming from inside the vehicle and observed an open can of beer in the vehicle's center console well within Vaaler's reach. The deputy determined that the beer can was approximately one-half full. Anderson twice asked Vaaler and his passenger to

---

[2] Vaaler raises no issues on appeal relating directly to the misdemeanor bail jumping conviction.

2

whom the beer belonged. After Anderson asked the question the second time, the passenger, who was clearly impaired, stated that the beer belonged to her.

¶6 Vaaler did not have slurred speech or bloodshot eyes at the time of the stop and denied that he had been drinking alcohol. However, Anderson observed that some of Vaaler's responses to Anderson's questions were delayed, which indicated to Anderson that Vaaler might be lying. Based upon his observations, Anderson asked Vaaler to perform field sobriety tests.

¶7 After Vaaler performed the field sobriety tests, Anderson placed Vaaler under arrest. At that point, Vaaler was transported to a hospital for a blood draw, the result of which indicated that Vaaler had a blood-alcohol concentration of 0.19.

¶8 Vaaler was charged with OWI, contrary to WIS. STAT. § 346.63(1)(a), operating a motor vehicle with a prohibited alcohol concentration (PAC), contrary to § 346.63(1)(b), and misdemeanor bail jumping, contrary to WIS. STAT. § 946.49(1)(a). Vaaler filed a suppression motion requesting that the circuit court suppress evidence obtained during, and subsequent to, the field sobriety tests. Vaaler argued that the lawful stop of his vehicle was unlawfully extended when Anderson asked Vaaler to exit the vehicle and perform field sobriety tests. Following an evidentiary hearing at which Anderson testified, the circuit court denied Vaaler's motion. The court determined that there was reasonable suspicion to expand the nature of the stop and request that Vaaler perform field sobriety tests.

¶9 After Vaaler's motion to suppress was denied, the matter proceeded to a jury trial. The jury found Vaaler guilty of all charges. Vaaler was sentenced

on the OWI and bail jumping offenses.[3]  The circuit court stayed imposition of Vaaler's sentence pending this appeal.

¶10    Vaaler appeals.

## DISCUSSION

¶11    I begin by discussing the standards governing the temporary detention of a person during a traffic stop and this court's standard of review.  I then analyze Vaaler's arguments and explain why those arguments are rejected.

### I.  Governing Legal Principles and Standard of Review.

¶12    The Fourth Amendment of the United States Constitution and art. I, § 11 of the Wisconsin Constitution protect individuals from unreasonable searches and seizures.  Whether evidence should be suppressed is a question of constitutional fact.  *State v. Griffith*, 2000 WI 72, ¶23, 236 Wis. 2d 48, 613 N.W.2d 72.  This court reviews the circuit court's findings of historical or evidentiary fact under a clearly erroneous standard, but the circuit court's determination of constitutional fact is reviewed de novo.  *State v. Richter*, 2000 WI 58, ¶26, 235 Wis. 2d 524, 612 N.W.2d 29.

¶13    Temporary detention during a traffic stop is a seizure and, therefore, it must conform to the constitutional requirement of reasonableness.  *State v. Popke*, 2009 WI 37, ¶11, 317 Wis. 2d 118, 765 N.W.2d 569.  A law enforcement officer may stop a vehicle when he or she reasonably believes the driver is

---

[3] Pursuant to WIS. STAT. § 346.63(1)(c), if a defendant is found guilty of both OWI and PAC for acts arising out of the same incident or occurrence, the defendant may be sentenced on only one of those charges.

violating, or has violated, a traffic law. *State v. Hogan*, 2015 WI 76, ¶34, 364 Wis. 2d 167, 868 N.W.2d 124. A law enforcement officer may extend the stop if he or she "becomes aware of additional suspicious factors which are sufficient to give rise to an articulable suspicion that the person has committed or is committing an offense or offenses" separate from the violation that prompted the officer's initial investigation. *State v. Colstad*, 2003 WI App 25, ¶19, 260 Wis. 2d 406, 659 N.W.2d 394 (quoting *State v. Betow*, 226 Wis. 2d 90, 94, 593 N.W.2d 499 (Ct. App. 1999)). An extended inquiry must be supported by reasonable suspicion. *Hogan*, 364 Wis. 2d 167, ¶35.

¶14    Reasonable suspicion is "a suspicion grounded in specific, articulable facts and reasonable inferences from those facts, that the individual has committed [or was committing or is about to commit] a crime." *State v. Waldner*, 206 Wis. 2d 51, 56, 556 N.W.2d 681 (1996) (alteration in the original and quoted source omitted). Reasonable suspicion is a "common sense test" that asks: Under the totality of the circumstances presented, what would a reasonable police officer reasonably suspect in light of his or her training and experience? *Colstad*, 260 Wis. 2d 406, ¶8; *see Hogan*, 364 Wis. 2d 167, ¶¶35-37. "Although officers sometimes will be confronted with behavior that has a possible innocent explanation, a combination of behaviors—all of which may provide the possibility of innocent explanation—can give rise to reasonable suspicion." *Hogan*, 364 Wis. 2d 167, ¶36.

## II. The Traffic Stop Was Not Impermissibly Extended.

¶15    Vaaler argues that Anderson's decision to extend the traffic stop was not supported by reasonable suspicion and, as a result, the prolonged stop became an unlawful seizure. However, when the totality of the facts present at the scene

are considered in their aggregate, I conclude that those facts amount to reasonable suspicion that Vaaler was driving while intoxicated.

¶16    One indicia that Vaaler was driving while intoxicated was the odor of intoxicants emanating from Vaaler's vehicle. *See, e.g., **State v. Krause***, 168 Wis. 2d 578, 587-88, 484 N.W.2d 347 (Ct. App. 1992) (stating that the odor of an intoxicant was a basis for reasonable suspicion of OWI).   Additional factors include that:    (1) Vaaler was driving without the vehicle's headlights on at 2:40 a.m., which is commonly known as "bar time"; (2) there was an open can of beer in the vehicle within Vaaler's reach; and (3) Vaaler hesitated when answering the deputy's questions, which Anderson's training and experience caused Anderson to believe that Vaaler was lying. *See **State v. Greene***, No. 99AP2640-CR, unpublished slip op. ¶13 (WI App March 15, 2000) (stating that while "many nonintoxicated persons [fail to follow the rules of the road] … an intoxicated person is less likely to be aware of the rules of the road and more likely to violate those rules") and WIS. STAT. § 347.06(1) (stating "no person may operate a vehicle upon a highway during hours of darkness … unless all headlamps … with which the vehicle is required to be equipped are lighted"); ***Dane Cty. v. Weber***, No. 2017AP1024, unpublished slip op. ¶¶12, 14-15 (WI App Jan. 11, 2018) (holding that speeding at bar time and an odor of intoxicants provided reasonable suspicion that the defendant was driving while intoxicated); ***State v. Allen***, 226 Wis. 2d 66, 74, 593 N.W.2d 504 (Ct. App. 1999) (stating that the training and experience of an officer is a factor to be considered in the totality of the circumstances analysis).

¶17    Vaaler relies on a number of cases for the proposition that the facts present here do not amount to reasonable suspicion that Vaaler was operating a

vehicle while intoxicated. However, the facts in the present case distinguish these circumstances from the facts in the cases relied upon by Vaaler.

¶18 Finally, Vaaler asserts that Anderson had no reason to doubt the passenger's statement that the open beer belonged to her and, further, that Anderson testified that he believed the passenger's statement that the open beer was hers and, therefore, "could not have reasonably relied upon [the beer's] presence … to support a reasonable suspicion" that Vaaler was driving while intoxicated. However, I reject those arguments for the following reasons. First, the test for whether there is a reasonable suspicion is an objective test, not a subjective one, and, therefore, Anderson's subjective beliefs are not controlling. *See State v. Kelsey C.R.*, 2001 WI 54, ¶49 n.11, 243 Wis. 2d 422, 626 N.W.2d 777. Second, reasonable suspicion exists even if there could be an alternative explanation for a factor, and a reasonable officer is required to consider independent factors in the aggregate. *See Hogan*, 364 Wis. 2d 167, ¶¶36-37; *see also Colstad*, 260 Wis. 2d 406, ¶21 (stating that a reasonable officer is not obligated to accept the passenger's explanation).

¶19 In sum, there was reasonable suspicion to extend the stop which, in turn, led to Vaaler's arrest. The deputy observed several specific, articulable facts which, based upon a reasonable law enforcement officer's training and experience, gave rise to a reasonable suspicion that Vaaler was operating a motor vehicle while under the influence of an intoxicant.

¶20 Because there was reasonable suspicion to extend the stop, the circuit court properly denied Vaaler's motion to suppress.

## CONCLUSION

¶21    For the foregoing reasons, the judgment of the circuit court is affirmed.

*By the Court.*—Judgment affirmed and cause remanded for further proceedings.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)4.